# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MARGARET A. BERTIN-RESCH,** | ) | **CASE NO.  4:15CV0090** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **U.S. MEDICAL MANAGEMENT, LLC** | ) | **OPINION AND ORDER** |
| **ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Margaret A. Bertin-Resch's Motion for Remand (ECF # 9).  For the following reasons, the Court grants Plaintiff's Motion and Remands this case back to Mahoning County Court of Common Pleas for further adjudication.

On December 4, 2014, Plaintiff filed her Complaint in Mahoning County Court of Common Pleas alleging violations of Ohio state law.  Her claims include Wrongful Termination, Negligent Hiring/Retention, Assault and Battery and Intentional Infliction of Emotional Distress. Plaintiff's claims arise out of an incident that occurred during the course and scope of her employment with Defendant U.S. Medical Management, LLC ("USMM").  Plaintiff's Complaint names U.S. Medical Management, LLC. as a defendant as well her former supervisor, Melina Brown and a fellow employee, Marshall W. Stepanian.

Defendant Brown was served on December 19, 2014 and Defendant USMM was served on December 22, 2014.  On January 15, 2015, Defendants removed the action to this Court alleging diversity jurisdiction.  According to the Notice of Removal, USMM is a Delaware Corporation with its principal place of business in Michigan and does not have Ohio citizenship.

Service has not been perfected on Stepanian but according to Defendants, Stepanian is a resident of South Carolina as evidenced by his medical licensing information provided to the Ohio License Center.

Brown contends she has been fraudulently joined to defeat diversity.  The only claim against her is an Intentional Infliction of Emotional Distress claim ("IIED") and the facts as asserted in the Complaint do not state a colorable claim for IIED.

On February 11, 2015, Plaintiff filed her Motion for Remand, arguing that the facts in the Complaint state a colorable claim against Brown, therefore, complete diversity does not exist and the Court must remand the case back to Mahoning County Court for further adjudication. Bertin-Resch does not challenge the citizenship of USMM or Stepanian.

**Background Facts**

According to the facts in her Complaint, Plaintiff alleges she was employed by USMM as a practice manager.  On December 5, 2013, while working at USMM's Youngstown office, Bertin-Resch had an encounter with Stepanian, a physician employed by USMM.  According to Bertin-Resch, Stepanian entered the USMM office where Bertin-Resch was working and demanded that Bertin-Resch use her driver's license to wire money to a friend of Stepanian. When Bertin-Resch refused to do so, Stepanian became violent and threatening, screaming at Bertin-Resch and leaning over her desk in an intimidating and threatening manner.  When Bertin-Resch demanded Stepanian leave her office, Stepanian went into the hallway and began pacing back and forth.  At some point, Stepanian threw a phone at Bertin-Resch and when she tried to pick it up Stepanian grabbed it from her hand.  These actions caused Bertin-Resch to fear for her safety and allegedly caused at least one other employee to barricade herself in the office.

2

When Stepanian stepped outside the office, Bertin-Resch locked the office doors out of fear for her safety and those of her fellow employees. She then called her supervisors, including Brown. According to Bertin-Resch, Brown expressed concern that Stepanian would be further enraged if upon his return he found the office doors locked. Bertin-Resch told Brown that she was fearful of Stepanian and that his behavior was threatening, intimidating and abusive. Despite having been told this, Brown proceeded to unlock the door, allowing Stepanian back in the office. Fearing for her safety, Brown left the office and called another supervisor, Belinda Schraer and described what had happened. On December 6, 2014, USMM terminated Bertin-Resch's employment, or, alternatively, Defendants' behavior caused Bertin-Resch to resign.

## LAW AND ANALYSIS

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D. Ky.1990). Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir.2008). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court

3

where there is no doubt as to its jurisdiction."  *Walsh v. Am. Airlines, Inc*., 264 F.Supp. 514, 515

(E.D.Ky.1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th

Cir.1930).  "In seeking to remove a case based on diversity jurisdiction, the defendant bears the

burden of establishing, among other things, the complete diversity of the parties." *West v.*

*Visteon Corp.* 367 F.Supp.2d 1160, 1162 (N.D.Ohio,2005).  "Although complete diversity must

exist at the time of removal, the 'fraudulent joinder of non-diverse defendants will not defeat

removal on diversity grounds.'" *Id.*

 "To prove fraudulent joinder, the removing party must present sufficient evidence that a

plaintiff could not have established a cause of action against non-diverse defendants under state

law.  However, if there is a colorable basis for predicting that a plaintiff may recover against

non- diverse defendants, the court must remand the action to state court.  The District Court must

resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of

the non removing party". *Thomas v. Diebold Election Sys.*, 2007 U.S Dist. LEXIS 12014 (N.D.

Ohio Feb. 5, 2007)( quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.

1999).   "An action is colorable if it is reasonable but speculative, that is, if there is a reasonable

basis for predicting that state law might impose liability on the defendant under the facts

alleged." *Wiseman v. Universal Underwriters Ins. Co.*, 412 F. Supp. 2d 801, 803 (S.D. Ohio

2005).  "A court's inquiry is not whether the complaint states a claim, but whether there remains

a possibility of a valid claim being stated against the in-state defendants... If there is, the case

would be cognizable only in the state courts." *Shephard v. Allstate Insurance Co.*, 2006 U.S.

Dist. Lexis 562, **6-7 ( S. D. Ohio Jan. 6, 2006).

 The burden of persuasion to prove fraudulent joinder is on the removing party.  "In order

to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been an outright fraud in the plaintiff's pleading of the jurisdictional facts." *Id.*  "This Court shall not consider the merits of claims or defenses" in determining whether or not there has been fraudulent joinder. *Gilbert v. Norfolk Southern Ry.*, 2007 U.S. Dist. LEXIS 52281 (N.D Ohio July 19, 2007).

"In sum, courts generally agree on the following two rules when deciding motions to remand that involve allegations of fraudulent joinder. First, even if the district court "pierces the pleadings" to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential.   Second, any contested issues of fact must be construed in the plaintiff's favor."  *Walker v. Philip Morris USA, Inc*. 443 Fed. Appx. 946, 954, 2011 WL 5119441, 7  (6th Cir. 2011).  "[A] claim is colorable 'if the state law *might* impose liability on the resident defendant under the facts alleged.'"  *Kent State University Bd. of Trustees v. Lexington Ins. Co.* 512 Fed. Appx. 485, 489, 2013 WL 216026, 4 (6th Cir. 2013) quoting *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir.2003).

**<u>Plaintiff's Motion to Remand</u>**

Plaintiff moves the Court to remand the case back to Mahoning County Court because the facts, as alleged, state a colorable claim for IIED against Brown.  Despite having been fully apprised by Bertin-Resch of Stepanian's conduct and, despite knowing how fearful Bertin-Resch was of Stepanian, Brown unlocked the doors to the USMM offices allowing Stepanian back in the office without first informing Bertin-Resch.  Under these facts, Plaintiff contends she has

stated a colorable claim for IIED against Brown.

Furthermore, Plaintiff argues that the Court must apply Ohio's pleading standard and not the federal standard as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  According to Plaintiff, Ohio has not adopted the *Twombly/Iqbal* pleading standard which requires sufficient factual allegations showing the claims are "plausible" and the Ohio Seventh District Court of Appeals has expressly rejected the *Twombly/Iqbal* standard in *Bahen v. Diocese of Steubenville,* No. 11JE34, 2013 WL 2316640, (Ohio App. 2013).   Plaintiff further cites the Court to the Sixth Circuit decision in  *Alexander v. Electronic Data Systems Corp.* 13 F.3d 940, 948 (6th Cir. 1994) wherein the court, in determining what law to apply on a motion to remand held (" In addressing the sufficiency of pleadings, we must look to state law.").

Defendants disagree, contending the Court must apply federal pleading standards as embodied in the *Twombly/Iqbal* line of cases when determining the sufficiency of the pleadings. Defendants cite to the *Beavers v. DePuy Orthopaedics, Inc.* 2012 WL 1945603, 3 (N.D.Ohio,2012), wherein a Northern District of Ohio judge held federal procedural law applies. "In diversity actions, federal courts apply state substantive law and federal procedural law." citing to *Hanna v. Plumer,* 380 U.S. 460, 465, (1965); *Erie R. Co. v. Thompkins,* 304 U.S. 64 (1938).  The court in *Beavers* considered the above United States Supreme Court precedent and further considered the plain language of Fed.R.Civ.P. 81(c)(1), which states  "The[ ] [federal] rules apply to a civil action after it has been removed from a state court."   The *Beavers* court noted  "Federal procedural rules also apply pending a resolution of the district court's jurisdiction." citing *Willy v. Coastal Corp.,* 503 U.S. 131, 134–135, (1992). *See generally* 14

6

James Wm. Moore, Moore's Federal Practice § 81.04[3] (3d ed 2011).

Courts within this circuit differ on whether state or federal law applies when testing the sufficiency of the pleadings on a fraudulent joinder inquiry.  Some have applied state procedural standards *Smith v. Baker Concrete Constr., Inc.,* 2014 WL 3715125, at *4 (E.D.Tenn. Mar. 28, 2014) *Worrix v. Medtronic, Inc.,* 2013 WL 6834719, at *4 (E.D.Ky. Dec. 23, 2013) *In re Regions Morgan Keegan Secs., Derivative, & ERISA Litig.,* 2013 WL 2404063, at *12–*13 (W.D.Tenn. May 31, 2012).  Others have applied federal pleading standards *Beavers v. DePuy Ortho., Inc.,* 2012 WL 1945603, at *3 (N.D.Ohio May 30, 2012); *Okenkpu v. Allstate Tex. Lloyd's,* 2012 WL 1038678, at *7 (S.D.Tex. Mar. 27, 2012).

The Sixth Circuit has not directly spoken on this issue.  " It does not appear that the Sixth Circuit has explicitly stated whether district courts assessing fraudulent joinder should consider the claims in light of the pleading standard applicable in state court rather than the federal pleading standards (if they differ)."  *Garner v. SDH Services East, LLC, et al.,* 55 F. Supp.3d 1016, 1022 (M.D. Tenn 2014).  In fact, in *Jackson v. Cooper Tire & Rubber Co.,* 57 F.Supp.3d 863 (M.D. Tenn. 2014), the court discussed at length the arguments and issues with applying either state law pleading standards or federal pleading standards when addressing a motion to remand and decided the best course was to apply the fraudulent joinder standard articulated in *Alexander*.  This standard requires the court to determine "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved."

Plaintiff's Complaint clearly articulates the factual basis for her IIED claim as opposed to merely reciting conclusory legal statements on the elements of an IIED claim and these facts, for

7

purposes of the Motion before the Court, are not in dispute.   Regardless of the pleading standard

to be used, whether it is the more exacting federal standard of factual plausibility or the more

lenient reasonable notice standard under Ohio law, the heart of the dispute here is whether the

facts, as alleged, raise a colorable claim for IIED.  Thus, the Court must determine whether there

is a possibility that Ohio law would impose liability under these facts.

Under Ohio law, a Plaintiff alleging an Intentional Infliction of Emotional Distress claim

must prove the following elements:

> (1) the defendant intended to cause emotional distress or knew or should have
> known that its conduct would result in serious emotional distress to the plaintiff;
> (2) defendant's conduct was outrageous and extreme and beyond all possible
> bounds of decency and was such that it can be considered as utterly intolerable in
> a civilized community;
> (3) defendant's conduct was the proximate cause of plaintiff's psychic injury; and
> (4) plaintiff's emotional distress was serious and of such a nature that no
> reasonable person could be expected to endure it.

*Talley v. Family Dollar Stores of Ohio, Inc.,* 542 F.3d 1099, 1110 (6th Cir.2008) (quoting

*Ekunsumi v. Cincinnati Restoration, Inc.,* 120 Ohio App.3d 557, 698 N.E.2d 503, 506 (1997)).

To state a claim for IIED, Plaintiff must show that Defendant's conduct was "so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Long*

*v. Ford Motor Co.,* 193 Fed.Appx. 497, 503 (6th Cir.2006) (quoting *Yeager v. Local Union 20,*

*Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,* 6 Ohio St.3d 369, 453 N.E.2d 666,

671 (1983) ( *overruled on other grounds* )). "[T]o say that Ohio courts narrowly define 'extreme

and outrageous' conduct would be something of an understatement." *Baab v. AMR Servs. Corp.,*

811 F.Supp. 1246, 1269 (N.D.Ohio 1993). "Serious" emotional distress must be "severe and

debilitating." *Kovac v. Superior Dairy, Inc.,* 930 F.Supp.2d 857, 870 (N.D. Ohio 2013) quoting *Paugh v. Hanks,* 6 Ohio St.3d 72  (1983)).

Brown's conduct which is the subject of this claim involved one act; unlocking a door. Stepanian had yelled, threatened, thrown a phone at Plaintiff and took the phone from Plaintiff's hand when she tried to pick it up.  Stepanian then left the office and Plaintiff locked the door to keep him out.  Brown, after having been told of the situation and hearing of Plaintiff's fear of Stepanian unlocked the door allowing Stepanian back in the office.

The Supreme Court of Ohio, in *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 374-375, described what constitutes extreme and outrageous conduct:   "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. * * * Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" "As a matter of law, the conduct must be more than mere 'insults, indignities, threats, annoyances, petty aggressions, or other trivialities.' " *Mason, v. United States Fid. & Guar., Co.,* 69 Ohio App.3d 309,  317, (Ohio App. 1990)  quoting 1 Restatement of the Law 2d, Torts (1965) 73, Section 46, comment *d.*

 In Ohio, threats of physical violence by a co-worker may arguably support  a cause of action for IIED.  *McNeil v. Case W. Res. Univ.* 105 Ohio App.3d 588, 594 (Ohio App. 8th Dist.,1995) (" ...the allegation that a co-worker physically threatened McNeil, arguably rises to the level of outrageous behavior sufficient for a finding of intentional infliction of emotional

distress.")   The Complaint alleges that Stepanian's conduct caused Plaintiff to experience terror and that other employees shared her fears, including one who barricaded herself in her office and had to self medicate due to her fear.  The Complaint also alleges Brown knew Stepanian was enraged and that locking the door might cause Stepanian to become more enraged.  Thus, construing the allegations in the Complaint in favor of Plaintiff indicates that even Brown feared enraging Stepanian further.   When construing the facts in Plaintiff's favor, the Court holds that Stepanian's threats and actions may have caused Plaintiff severe emotional distress such that when she conveyed her fear/terror of Stepanian to Brown and Brown still allowed Stepanian back in to the office may support the possibility of liability against Brown under Ohio law.

While the nature and severity of Stepanian's threats, his menacing conduct and reason for leaving the office are not fully described, the Court holds that there is a possibility that Ohio law may impose liability against Brown under the facts as alleged.  Given that the law requires all factual inferences and ambiguities of law be construed in Plaintiff's favor, that any doubts about removal be construed in favor of remand and given that the standard is more deferential than that of a Fed. R. Civ. P. 12(b)(6), the Court finds Brown was not fraudulently joined and Plaintiff's Motion for Remand is granted.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  September 22, 2015

10